Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| LUISA VANESSA DEL TORO REYES Y EDNA MARÍA DEL TORO REYES<br><br>Demandantes-Apelantes<br><br>Vs.<br><br>JOSEFINA VEGA VÁZQUEZ, RAFAEL DEL TORO REYES, FULANA DE TAL, MENGANO DE TAL<br><br>Demandados-Apelados | KLAN202500279 | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm. BY2024CV00926<br><br>Sala: 402<br><br>Sobre: LIQUIDACIÓN DE COMUNIDAD DE BIENES (PARTICIÓN DE HERENCIA) DAÑOS Y PERJUICIOS |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Martínez Cordero y el Juez Cruz Hiraldo.[1]

Cruz Hiraldo, Juez ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 23 de junio de 2025.

Comparece ante nos la Sra. Vanessa del Toro Reyes y la Sra. Edna María del Toro Reyes (en adelante, Apelantes) mediante un recurso de *Apelación* instado el 24 de abril de 2025 y nos solicitan que revoquemos la *Sentencia* en rebeldía emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón (en adelante, Foro primario y/o TPI) el 13 de febrero de 2025, notificada el 18 del mismo mes y año.[2] Mediante dicha determinación, el Foro primario declaró No Ha Lugar una *Demanda* sobre liquidación de Comunidad de Bienes, daños y perjuicios.

Por los fundamentos que expondremos a continuación, *revocamos* la *Sentencia* recurrida.

---

[1] Mediante la OATA-2025-070 del 9 de mayo de 2025, se designó a la Hon. Monsita Rivera Marchand para entender y votar en el caso de epígrafe en sustitución del Hon. Abelardo Bermúdez Torres.
[2] Apéndice del Recurso, a las págs. 164-181; Entrada 29 SUMAC.

Número Identificador

SEN2025 _____

## -I-

El 19 de febrero de 2024, las Apelantes instaron una *Demanda* en contra de la Sra. Josefina Vega Vázquez, el Sr. Rafael del Toro Reyes, Fulana de tal y Mengano de tal,[3] sobre Liquidación de Comunidad de Bienes, daños y perjuicios.[4] En síntesis, adujeron que estas y el co-demandado el señor del Toro Reyes son los hijos habidos del matrimonio de la Sra. Edna Margarita Reyes Nieves y el Sr. Rafael del Toro Delgado. Alegaron que estos se divorciaron y la señora Reyes Nieves falleció el 5 de octubre de 1997, previo a la liquidación de la comunidad de bienes. Además, que el señor Del Toro Delgado contrajo nupcias con la señora Vega Vázquez. Asimismo, sostuvieron que el señor Del Toro Delgado falleció testado el 28 de agosto de 2011 y que nombró a sus hijos como únicos herederos del tercio de la legitima estricta y el tercio de mejora.

Por otro lado, añadieron que en el referido testamento el señor Del Toro Delgado dejó a la señora Vega Vázquez el tercio de libre disposición y la designó como albacea. Señalaron que al día de hoy no mantienen comunicación con la señora Vega Vázquez. De igual forma, sostuvieron que advinieron en conocimiento de una ejecución de hipoteca sobre una de las propiedades del causante, señor Del Toro Delgado mediante la demanda civil número BY2021CV05354. Asimismo, arguyeron que lo anterior provocó una pérdida de una cantidad estimada de $400,000.00 en bienes del caudal. Por otra parte, añadieron que el abandono de la señora Vega Vázquez como albacea, llevó a que se generaran deudas en sus contras. En específico, alegaron que a raíz de lo anterior sus vehículos contienen gravámenes en ejecución de sentencia por cobro de dinero por las cuotas de mantenimiento del inmueble.

---

[3] Fulana de Tal y Megana de Tal fueron incluidas en la *Demanda* por información y creencia de la existencia de las hijas de la co-demandada la señora Vega Vázquez. Las apelantes en la Demanda adujeron que desconocen de sus nombres.
[4] Apéndice del Recurso, a las págs. 1-15; Entrada 1 SUMAC.

El 20 de febrero de 2024, las Apelantes presentaron *Moción en Solicitud de Emplazamiento por Edicto*.[5] Alegaron que la última información obtenida de los Apelados era que estos no se encontraban residiendo en Puerto Rico. El 21 de febrero de 2024, notificado el 22, el Tribunal de Primera Instancia mediante *Orden*, requirió a los Apelantes la presentación de la declaración jurada y proyecto de orden. Luego de varios incidentes procesales innecesarios pormenorizar, el 26 de marzo de 2024, notificada el mismo día, el Foro primario dictó *Orden* para que se emplazara por edicto a las partes.[6] En el mismo día, se expidió el emplazamiento por edicto a la señora Vega Vázquez, el señor Del Toro Reyes, Fulana de Tal y Mengano de Tal.[7]

El 30 de abril de 2024, las Apelantes presentaron una *Moción Informativa sobre Emplazamiento por Edicto*, acreditando que el 29 de abril de 2024, el periódico Vocero publicó el Edicto.[8] El 6 de mayo de 2024 mediante *Orden*, el TPI eximió a las Apelantes de notificar por correo copia del edicto publicado, el emplazamiento y la demanda.[9] El 12 de noviembre de 2024, se celebró una vista y quedó sometido el caso. Mediante la Minuta, notificada el 15 de noviembre de 2024, el TPI hizo constar que se le anotó rebeldía a los Apelados el día 5 de agosto de 2024.[10]

Así las cosas, el 13 de febrero de 2025, el Foro primario dictó *Sentencia*, con los Apelados en rebeldía.[11] Desglosó las siguientes determinaciones de hechos probados:

> 1. Las demandantes Luisa Vanessa Del Toro Reyes y Edna María Del Toro Reyes, así como, el codemandado Rafael Del Toro Reyes, son hijos y únicos herederos forzosos de sus

---

[5] Entrada 2 SUMAC.
[6] Apéndice del Recurso, a la pág. 32; Entrada 9 SUMAC.
[7] *Íd.*, a la pág. 33.
[8] *Íd.*, a la págs. 34-37; Entrada 10 SUMAC. Corresponde señalar que se adjuntó la publicación del Edicto en el periódico junto a la declaración jurada otorgada el 29 de abril de 2024. Véase anejos 1 y 2.
[9] *Íd.*, a la pág. 38; Entrada 11 SUMAC.
[10] Entrada 23 SUMAC.
[11] Apéndice del Recurso, a las págs. 146-163; Entrada 29 SUMAC. Precisa destacar que no se incluyó copia que acredite la publicación del edicto de la Sentencia.

fallecidos padres, Doña Edna Reyes Nieves t/c/c Edna Margarita Reyes Nieves y Don Rafael Del Toro Delgado.

2. Edna Margarita Reyes Nieves y Don Rafael Del Toro Delgado, se divorciaron, pero no liquidaron un bien inmueble sito en la Urb. Sierra Bayamón, que responde al Solar 9 de la Manzana 70, Bayamón, Puerto Rico. Desconocemos otros activos y pasivos. No se produjo inventario.

3. Doña Edna Margarita, según se desprende de la Resolución emitida en el Caso Número SJ2023CV011270, de 11 de agosto de 2024, falleció intestada.

4. El caudal de Doña Edna Margarita no fue liquidado.

5. Don Rafael Del Toro Delgado falleció testado el 28 de agosto de 2011.

6. Don Rafael designó albacea a su entonces viuda y codemandada, la Sra. Josefina Vega Vázquez, a quien también nombró heredera en cuanto al tercio de libre disposición.

7. Don Rafael nombró a sus tres (3) hijos sus herederos universales en cuanto al tercio de legítima estricta y de mejora.

8. Al momento del fallecimiento de Don Rafael, el caudal de este era:

a) Su participación post-ganancial en la propiedad de la Urb. Sierra Bayamón antes mencionada. La cual, a esa fecha tenía un valor aproximado de $125,000.00.

b) Bien Privativo - Inmueble en el 1016 Calle Vía Playera, Urb. Camino del Mar, Toa Baja, Puerto Rico. Esta propiedad, tenía un balance hipotecario de $62,074.26. La cual, a esa fecha tenía un valor estimado de $228,000.00, sin tasación.

c) Participación de 50% en un vehículo Mini Cooper entonces valorado en $18,985.00, sin tasación. Este, tenía un balance pendiente de saldo de $5,466.03.

d) Participación de 50% en balances aproximados a $50,166.21, depositados en diversas cuentas bancarias. Desconocemos el detalle de las cuentas y su desglose.

e) Otras deudas de Don Rafael o eran: i. Deudas por concepto de CRIM y cuotas de mantenimiento de propiedades privativas de Don Rafael, así como, sus gastos fúnebres por la cantidad de $5,791.33.

9. La codemandada Vega Vázquez dejó de rendir cuentas a las demandantes durante el proceso de liquidación de herencia, cuando estas cuestionaron algunas partidas.

10. La codemandada Vega Vázquez abandonó sus funciones de albacea sin notificar a las demandantes herederas forzosas de Don Rafael.

11. Debido al abandono de la codemandada Vega Vázquez de sus obligaciones como albacea el inmueble del causante en la Urb. Camino del Mar fue ejecutado mediante Sentencia emitida en el Caso Número BY2021CV053541.

12. Dicho inmueble, cuyo valor aproximado a dicha fecha era de aproximadamente $475,000.00 fue vendido en pública subasta el 24 de agosto de 2023, por $288,000.00.

13. La deuda hipotecaria de dicho inmueble aumentó de $62,074.26 al momento del fallecimiento del causante, a $146,957.04, que cobró Banco Popular de Puerto Rico en ejecución de la sentencia en dicho caso.

14. La deuda por concepto de cuota de mantenimiento de dicho inmueble asciende a $18,905.43, según orden de retiro de fondos emitida en el Caso Número BY2021CV05354.

15. Se desconoce el paradero del vehículo del caudal.

16. No quedan fondos depositados en cuentas bancarias del causante, a pesar, que las demandantes sólo recibieron $2,461.47 por parte de la albacea.

17. La deuda del CRIM de la propiedad en Sierra Bayamón asciende a $17,597.11 al 6 de junio de 2024.

18. El abandono de la codemandada Vega Vázquez de sus obligaciones como albacea llevó a una acción por cobro de dinero y sentencia por falta de pago de las cuotas de mantenimiento del inmueble en Camino del Mar bajo el caso civil CM2014-1590.

19. Como consecuencia de dicha sentencia, se emitió mandamiento de ejecución de bienes muebles, que resultó en la anotación de gravamen de los vehículos que utilizan las demandantes y le fueran embargados fondos en sus respectivas cuentas bancarias personales.

20. Las demandantes se han visto imposibilitadas de renovar el marbete de sus vehículos y, por ende, del uso y disfrute de su propiedad, limitando su movimiento al transporte público.

De esta forma, el TPI determinó que, aunque las partes Apeladas estén en rebeldía, está impedido de declarar Ha Lugar la Demanda. Sostuvo que no puede adjudicar la división de herencia sin haber liquidado previamente las sociedades de bienes gananciales compuestas por el señor Del Toro Delgado y de sus matrimonios previos y de hacerse conllevaría un fracaso a la justicia. Señaló que hasta tanto no se perfeccione la efectiva liquidación de la sociedad legal de gananciales del matrimonio Del Toro-Vega, nada puede disponerse sobre la división de la herencia del finado Del Toro. Finalmente, declaró No Ha Lugar la *Demanda*, no obstante, declaró Ha Lugar la solicitud de remoción de cargo de albacea de la señora Vega Vázquez y designó a la señora Del Toro Reyes como administradora de los bienes.

Posteriormente, el 18 de febrero de 2025, el TPI emitió *Notificación de Sentencia por Edicto.*[12] El 4 de marzo de 2025, las Apelantes presentaron *Moción de Reconsideración.*[13] El 5 de marzo de 2025, notificada el mismo día, el Foro primario mediante *Resolución Interlocutoria* declaró No Ha Lugar la *Moción de Reconsideración.*[14]

Inconforme aún, las Apelantes acuden ante nos mediante Apelación y señalan de los siguientes señalamientos de error:

> Erró el TPI al emitir Sentencia denegando la liquidación de la comunidad hereditaria manteniendo a las Apelantes perpetuamente en comunidad.
>
> Erró el TPI al emitir Sentencia considerando defensas que no fueron levantadas por la parte Apelada por estar en rebeldía.
>
> Erró el TPI al emitir Sentencia no atendiendo la causal y remedios de daños reclamados por las Apelantes.
>
> Erró el TPI al obviar y no expresarse en torno a la solicitud de determinaciones de hechos adicionales que se desprenden de las determinaciones de hechos ya realizadas y la prueba ya admitida y considerada.

Es menester destacar que una búsqueda en SUMAC con relación al caso entre las partes ante el TPI, nos lleva a la conclusión de que no existe prueba en el expediente sobre que la *Sentencia* haya sido notificada mediante edicto en la publicación de algún periódico de circulación general. Por tanto, es apreciación de este Foro que el Tribunal de Primera Instancia dictó una *Resolución Interlocutoria*, en atención a la *Moción de Reconsideración* presentada por los Apelantes, sin ostentar jurisdicción para ello. Esto, debido a que del expediente de SUMAC surge que la *Sentencia* no ha sido publicada mediante edicto.

Ha transcurrido el término para la parte apelada acreditar su postura conforme la Regla 22 del Reglamento del Tribunal de

---

[12] Entrada 30 SUMAC.
[13] Apéndice del Recurso, a las págs. 164-181; Entrada 31 SUMAC.
[14] *Íd.*, a las págs. 183-183; Entrada 32 SUMAC.

Apelaciones, 4 LPRA Ap. XXII-B, R. 22 y no ha comparecido, por lo que procedemos a resolver.

Por los fundamentos que expondremos a continuación, *revocamos* la *Sentencia* apelada.

*-II-*

*-A-*

La Regla 52.2 (a) de Procedimiento Civil, dispone que los recursos de apelación tienen que presentarse dentro de un término jurisdiccional de treinta (30) días, desde el archivo en autos de copia de la notificación de la sentencia recurrida. 32 LPRA Ap. V, R. 52.2 (a). Como es conocido, un plazo jurisdiccional es de carácter fatal. Ello quiere decir que no admite justa causa, es improrrogable, y que su incumplimiento es insubsanable. *Martínez, Inc. v. Abijoe Realty Corp.*, 151 DPR 1, 7 (2000); *Arriaga v. FSE*, 145 DPR 122, 131 (1998); *Loperena Irizarry v. ELA*, 106 DPR 357, 360 (1977). La correcta notificación de una sentencia es una característica imprescindible del debido proceso judicial. *Rodríguez Mora v. García Lloréns*, 147 DPR 305, 309 (1998).

Como corolario de lo anterior, la Regla 13(A) del Reglamento de este Tribunal establece que:

> Las apelaciones contra sentencias dictadas en casos civiles por el Tribunal de Primera Instancia, se presentarán dentro del término jurisdiccional de treinta días contados desde el archivo en autos de una copia de la notificación de la sentencia. 4 LPRA Ap. XXII-B, R. 13 (A).
> [...].

No obstante, el término de treinta (30) días, para acudir en alzada, puede quedar interrumpido mediante la presentación oportuna de una moción de reconsideración fundamentada. 32 LPRA Ap. V, R. 47. En tal caso, el curso del término para apelar comienza a partir del archivo en autos de la copia de la notificación de la resolución que resuelve la moción. *Íd.* Esto, a pesar de que la moción se haya declarado sin lugar. *Íd.*

De otra parte, precisa señalar que, en grado de apelación, la tarea principal del Tribunal de Apelaciones es examinar cómo los tribunales inferiores aplican el derecho a los hechos particulares de cada caso, y si abusaron de su discreción. *Dávila Nieves v. Meléndez Marín*, 187 DPR 750, 707 (2013); *Sierra, Secretario del Trabajo v. Tribunal Superior*, 81 DPR 554, 572 (1958).

El foro apelativo no debe pretender administrar ni manejar el trámite regular de los casos ante el foro primario. *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 434 (2013). Así, pues, si las determinaciones del tribunal no están desprovistas de base razonable ni perjudican los derechos de una parte, debe prevalecer el criterio del juez de instancia. *Sierra, Secretario del Trabajo v. Tribunal Superior,* supra, a la pág. 572. Por ello, se ha establecido que los foros apelativos no deben intervenir con las facultades discrecionales del tribunal de instancia, a menos que se demuestre que: (i) actuó con perjuicio o parcialidad; (ii) abusó de su discreción, o (iii) se equivocó en la interpretación o aplicación de cualquier norma procesal o derecho sustantivo. Igualmente, se permite intervenir para evitar un perjuicio sustancial. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 210 (2023).

### -B-

En nuestro ordenamiento jurídico, el emplazamiento "representa el paso inaugural del debido proceso de ley que viabiliza el ejercicio de la jurisdicción judicial." *Acosta v. ABC, Inc.*, 142 DPR 927, 931 (1997). Así, pues, el emplazamiento persigue, primordialmente, dos propósitos: (1) notificar a la parte demandada en un pleito civil que se ha instado una reclamación judicial en su contra, y (2) garantizarle su derecho a ser oído y a defenderse. *Martajeva v. Ferré Morris y otros*, 210 DPR 612, 620 (2022). De otra parte, el emplazamiento constituye el medio por el cual los tribunales adquieren jurisdicción sobre la persona del

demandado, de forma tal que el emplazado quede obligado por el dictamen que finalmente se emita. *Pérez Quiles v. Santiago Cintrón*, 206 DPR 379, 384 (2021).

Los requisitos de un emplazamiento son de cumplimiento estricto, ya que su adecuado diligenciamiento constituye un imperativo constitucional del debido proceso de ley. *Torres Zayas v. Montano Gómez et al.*, 199 DPR 458, 468 (2017). A tales efectos, todo demandado tiene el derecho a ser emplazado "conforme a derecho y existe en nuestro ordenamiento una política pública de que la parte demandada debe ser emplazada debidamente para evitar el fraude y que se utilicen procedimientos judiciales con el propósito de privar a una persona de su propiedad sin el debido proceso de ley". *First Bank of P.R. v. Inmob. Nac., Inc.*, 144 DPR 901, 916 (1998).

En cuanto al diligenciamiento de los emplazamientos, las Reglas de Procedimiento Civil permiten el emplazamiento personal o mediante edictos. *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1005 (2021). Aunque como regla general es requerido el emplazamiento personal como método idóneo para el tribunal adquirir jurisdicción, se ha reconocido como excepción, y ante circunstancias específicas, el emplazamiento por edicto. *Íd.* Según la Regla 4.6 de Procedimiento Civil, se podrá emplazar mediante la publicación de un edicto cuando la parte: (1) esté fuera de Puerto Rico, (2) o estando en Puerto Rico, no pudo ser localizada después de realizar las diligencias pertinentes, (3) se oculte para no ser emplazada, (4) o cuando sea una corporación extranjera sin agente residente. 32 LPRA Ap. V, R. 4.6. En cualquiera de estas instancias, se requiere que la parte demandante demuestre, a satisfacción del tribunal mediante declaración jurada, las diligencias realizadas para llevar a cabo el emplazamiento personal de la parte demandada. *Banco Popular v. S.L.G. Negrón*, 164 DPR 855, 865

(2005). La declaración jurada que a ese efecto se preste debe contener hechos específicos y detallados demostrativos de esa diligencia y no meras generalidades. *Íd*. Además, la razonabilidad y suficiencia de las gestiones efectuadas se medirá en función de si se trata de diligencias potencialmente efectivas para encontrar al demandado, por lo que dependerá de las circunstancias particulares de cada caso, las cuales el juez corroborará a su satisfacción antes de autorizar el emplazamiento por edicto. *Lanzó Llanos v. Banco de Vivienda*, 133 DPR 507, 513-515 (1993).

Luego de autorizado el emplazamiento por edicto, el demandante tendrá que cumplir con los requisitos establecidos en la Regla 4.6 de Procedimiento Civil, *supra*. En lo pertinente al caso de autos, el demandante deberá:

> [...] dentro de los diez (10) días siguientes a la publicación del edicto [dirigirle] a la parte demandada una **copia del emplazamiento y de la demanda presentada**, **por correo certificado con acuse de recibo o cualquier otra forma de servicio de entrega de correspondencia con acuse de recibo [...] al lugar de su última dirección física o postal conocida**. 32 LPRA Ap. V, R. 4.6 (Énfasis nuestro).

### -C-

La notificación y el archivo en autos de una copia de la notificación de una sentencia resulta ser una etapa crucial del proceso adjudicativo. *Yumac Home v. Empresas Masso,* 194 DPR 96, 114 (2015). Es a partir de ese momento que la sentencia se considera final más no firme, y que comienza a decursar el término para apelar. *Íd.,* pág. 105. Este deber de notificar las sentencias no constituye un mero requisito impuesto por las Reglas de Procedimiento Civil sino de debido proceso de ley. *Íd.*

Del mismo modo, para que lo determinado por el tribunal en una resolución u orden surta efecto, el debido proceso de ley requiere, como mínimo, que se les notifique a las partes de dicha resolución u orden. *Caro v. Cardona,* 158 DPR 592, 599 (2003). Sólo así pueden las partes advenir en conocimiento de lo que el tribunal

ha resuelto y ordenado y pueden oportunamente solicitar los remedios que entienden procedentes. *Íd.* [H]asta que no se notifica adecuadamente a las partes una resolución, orden o sentencia, ésta no surte efectos y los distintos términos que de ella dimanan no comienzan a decursar. *Íd.*, págs. 599-600. Resulta claro que ¨la correcta y oportuna notificación de las órdenes y sentencias es requisito sine qua non de un ordenado sistema judicial¨. J.A. Cuevas Segarra, *Práctica Procesal Puertorriqueña: Procedimiento Civil* San Juan, Pubs. J.T.S., Vol. II, pág. 436.

En lo pertinente al caso de marras, la Regla 65.3 de Procedimiento Civil, dispone cómo se debe notificar una sentencia a un demandado, que fue emplazado por edicto, pero que no ha comparecido, y por consiguiente ha sido anotada su rebeldía. 32 LPRA Ap. V, R. 65.3. Así, pues, el inciso c de la citada Regla dispone:

> En caso de desconocer la última dirección, se procederá a notificar la sentencia por edicto, de la misma forma como si la persona hubiera sido emplazada por edicto, según se describe a continuación. En el caso de partes en rebeldía que hayan sido emplazadas por edicto y que nunca hayan comparecido en autos o de partes demandadas desconocidas, el Secretario o Secretaria expedirá un aviso de notificación de sentencia por edictos para su publicación por la parte demandante. El aviso dispondrá que éste, debe publicarse una sola vez en un periódico de circulación general en la Isla de Puerto Rico dentro de los diez (10) días siguientes a su notificación e informará a la parte demandada de la sentencia dictada y del término para apelar. Copia del aviso de notificación de sentencia publicado será notificada a la parte demandada por correo certificado con acuse de recibo dentro del término de diez (10) días luego de la publicación del edicto a la última dirección conocida del demandado. Todos los términos comenzarán a computarse a partir de la fecha de la publicación del edicto, la cual deberá acreditarse mediante una declaración jurada del (de la) administrador(a) o agente autorizado(a) del periódico, acompañada de un ejemplar del edicto.

Asimismo, sobre este particular, Nuestro Más Alto Foro ha enfatizado que bajo dicha regla, el Tribunal tiene la obligación de notificar una Sentencia en Rebeldía por edicto para su publicación por la parte demandante en tres circunstancias determinadas. Entre estas, cuando la parte se emplazó por edicto, cuando la parte no compareció o cuando era un demandado desconocido. *Yumac Home v. Empresas Masso.,* supra, a la pág. 109.

Por otra parte, Nuestro Tribunal Supremo ha enfatizado la importancia en la corrección de las órdenes y sentencias emitidas por los tribunales. En particular, ha dispuesto que "la notificación defectuosa priva de jurisdicción al foro revisor para entender sobre el asunto impugnado [...] y tiene el efecto de que el recurso que se presente ante un tribunal de mayor jerarquía sería prematuro". *Puerto Rico Eco Park v. Municipio de Yauco*, 202 DPR 525, 538 (2019). Esto, por razón de que "[n]o podemos pasar por alto que la falta de jurisdicción sobre la materia es una defensa irrenunciable, que puede ser planteada a petición de parte o el tribunal *motu proprio* y en cualquier etapa de los procedimientos, incluso en fases apelativas. Como la falta de jurisdicción incide sobre el poder mismo para adjudicar la controversia, los tribunales tienen el deber ministerial de evaluar el planteamiento con rigurosidad". *Íd.,* en la pág. 539.

*-D-*

La jurisdicción es el poder o la autoridad que posee un tribunal para resolver las controversias presentadas ante su consideración. *AAA v. Unión Independiente Auténtica de Empleados de la AAA*, 199 DPR 638, 651-52. Los tribunales adquieren jurisdicción por virtud de ley, por lo que no pueden arrogársela ni las partes pueden otorgársela. *Ríos Martínez, Com. Alt. PNP v. CLE*, 196 DPR 289, 296 (2016). Es norma reiterada en nuestro ordenamiento, que: **"los tribunales deben ser celosos guardianes de su jurisdicción y que no tienen discreción para asumir jurisdicción allí donde no la tienen"**. *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 250 (2012); *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007); *Ríos Martínez, Com. Alt. PNP v. CLE, supra* (Énfasis nuestro). Reiteramos que las cuestiones relativas a la jurisdicción de los tribunales para atender los recursos ante su consideración constituyen materia privilegiada. *AAA v.*

*Unión Abo. AAA,* 158 DPR 273, 279 (2002). De manera que, debido a su naturaleza privilegiada, las cuestiones de jurisdicción deben ser resueltas con preferencia, ya sea porque fuera cuestionada o motu proprio, pues, por su naturaleza, incide directamente sobre el poder que tiene para adjudicar las controversias. *Fuentes Bonilla v. ELA,* 200 DPR 364, 372 (2018).

Como corolario de lo anterior, el Tribunal Supremo de Puerto Rico ha desarrollado el principio de la justiciabilidad, el cual recoge una serie de doctrinas de autolimitación basadas en consideraciones prudenciales que prohíben al foro judicial emitir opiniones consultivas, y fue incorporado jurisprudencialmente a nuestro ordenamiento jurídico mediante el caso de *E.L.A. v. Aguayo,* 80 DPR 552, 595 (1958). R. Elfrén Bernier y J.A. Cuevas Segarra, Aprobación e interpretación de las leyes en Puerto Rico, 2da ed., San Juan, Ed. Pubs. JTS, 1987, pág. 147**. La doctrina de justiciabilidad persigue evitar emitir decisiones en casos que realmente no existen o dictar una sentencia que no tendrá efectos prácticos sobre una controversia**. *Moreno Orama v. UPR,* 178 DPR 969, 973 (2010). (Énfasis nuestro.) En ese contexto, un asunto no es justiciable cuando: se trata de resolver una cuestión política, una de las partes carece de legitimación activa para promover un pleito, después de comenzado el litigio hechos posteriores lo tornan en académico, las partes pretenden obtener una opinión consultiva y **cuando se pretende promover un pleito que no está maduro**. *Crespo v. Cintrón,* 159 DPR 290, 298 (2003). (Énfasis nuestro.)

Entre las referidas doctrinas, se encuentra la doctrina de madurez. Véase J.J. Álvarez González, *Derecho Constitucional de Puerto Rico y relaciones constitucionales con los Estados Unidos,* Bogotá, Ed. Temis, 2009, pág. 89. De acuerdo con esta doctrina, los tribunales debemos examinar si la controversia sustantiva

planteada en el recurso ante nuestra consideración está definida concretamente, de manera que nos permita evaluarla en sus méritos, y si el daño aducido es suficiente para requerir adjudicación. *Com. de la Mujer v. Srio de Justicia,* 109 DPR 715, 722 (1980). En nuestra función revisora, un recurso judicial es prematuro cuando el asunto del cual se trata no está listo para adjudicación; esto es, cuando la controversia no está debidamente delineada, definida y concreta. *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 98 (2008); *Juliá et al. v. Epifanio Vidal, S.E.,* 153 DPR 357, 366-367 (2001). Como ha pronunciado reiteradamente el Tribunal Supremo de Puerto Rico, un recurso prematuro adolece del insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre. *Juliá et al. v. Epifanio Vidal, S.E., supra,* en la pág. 365. Como tal, su presentación carece de eficacia y no produce ningún efecto jurídico, pues no hay autoridad judicial para acogerlo. *Juliá et al. v. Epifanio Vidal, S.E., supra,* en la pág. 366.

### -III-

Conforme surge del expediente, la *Sentencia* apelada emitida el 13 de febrero de 2025, notificada el 18, no fue notificada por edicto mediante la publicación de la misma en un periódico de circulación general.

Es menester destacar que Nuestro Más Alto Foro ha enfatizado que bajo la Regla 65.3, el Tribunal tiene la obligación de notificar una Sentencia en Rebeldía por edicto para su publicación por la parte demandante en tres circunstancias determinadas. Entre estas, cuando la parte se emplazó por edicto, cuando la parte no compareció o cuando era un demandado desconocido. *Yumac Home v. Empresas Masso.,* supra, a la pág. 109. En el presente caso, surge de SUMAC que el TPI emitió *Notificación de Sentencia por Edicto* el 18 de febrero de 2025. En esta, incluyeron a la señora Josefina Vega Vázquez, el señor Rafael Del Toro Reyes, Fulana de Tal y Mengano

de Tal. Sin embargo, no se acreditó la publicación de la *Sentencia* por edicto, en un periódico de circulación general. Según anteriormente esbozado, a pesar de que las partes Apeladas se encontraban en rebeldía, corresponde que se les notifique de la *Sentencia* por una publicación de edicto. Además, es menester destacar que el Tribunal de Primera Instancia atendió la *Moción de Reconsideración* presentada por la parte Apelante sin ostentar jurisdicción para ello. Es norma reiterada en nuestro ordenamiento, que: **"los tribunales deben ser celosos guardianes de su jurisdicción y que no tienen discreción para asumir jurisdicción allí donde no la tienen"**. *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 250 (2012); *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007); *Ríos Martínez, Com. Alt. PNP v. CLE*, *supra* (Énfasis nuestro).

Por tal razón, ante la falta de acreditación de la publicación del edicto, el Foro *a quo* actuó sin jurisdicción al resolver la *Moción de Reconsideración* presentada.

### *-IV-*

Por los fundamentos que anteceden, los que hacemos formar parte de este dictamen, *revocamos* la *Sentencia* apelada y se devuelve el caso al foro primario para la continuación de los procedimientos conforme a lo aquí resuelto.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones